UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1). SCOTT D. LATTA, | ) |
| 2). KRISTI R. LATTA, and | ) |
| 3). MARGARET E. WILSON, on behalf | ) |
| of Themselves and all others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) |
| | ) |
| 1). NATIONAL ENTERPRISE SYSTEMS, | ) |
| INC., An Ohio Corporation, | ) |
| 2). JOHN DOE, a/k/a ETHAN WILSON, | ) |
| 3). JOHN DOE, a/k/a TERRY, | ) |
| 4). JANE DOE NO. 1, | ) |
| 5). JANE DOE NO. 2, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT
(Jury Trial Demanded)

### I. Introduction

1. This is an action for damages brought by an individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, negligence and intentional infliction of severe emotional distress.

### II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) with jurisdiction of the state causes of actions under ancillary jurisdiction.

### III. Parties

3. Plaintiff, SCOTT D. LATTA, (hereinafter "SCOTT LATTA") is a natural person residing in the State of Oklahoma.

4. Plaintiff, KRISTI R. LATTA, (hereinafter "KRISTI LATTA") is a natural person residing in the State of Oklahoma.

5. Plaintiff, MARGARET E. WILSON, (hereinafter "MARGARET WILSON") is a natural person residing in the State of Indiana.

6. Defendant, NATIONAL ENTERPRISE SYSTEMS, An Ohio Corporation, (hereinafter "NATIONAL ENTERPRISE"), is a corporation engaged in the business of collecting debts in this state with its principal place of business located at 29125 Solon Road, Solon, Ohio 44139. NATIONAL ENTERPRISE is in the business of collecting debts using the mails and telephone and said Defendant regularly attempts to collect debts alleged to be

due another.

7. Defendant, JOHN DOE, a/k/a ETHAN WILSON, is an agent and employee of NATIONAL ENTERPRISE and is engaged in collection of debts for his employer.

8. Defendant, JOHN DOE, a/k/a TERRY, is an agent and employee of NATIONAL ENTERPRISE and is engaged in collection of debts for his employer.

9. Defendant, JANE DOE, NO. 1, is an agent and employee of NATIONAL ENTERPRISE and is engaged in collection of debts for her employer.

10. Defendant, JANE DOE, NO. 2, is an agent and employee of NATIONAL ENTERPRISE and is engaged in collection of debts for her employer.

### IV. Factual Allegations

11. Plaintiff, MARGARET E. WILSON, allowed SCOTT LATTA to use her Chase Bank USA, N.A. credit card. When Plaintiff, MARGARET WILSON could not pay for the charges, she started to receive letters and harassing telephone calls from collectors of Defendant, NATIONAL ENTERPRISE SYSTEMS.

12. At no time during any telephone conversation in attempting to collect the debt did employees of Defendant, NATIONAL ENTERPRISE SYSTEMS, provide the necessary debt warnings mandated by the FDCPA (that the communication was from a debt collector). This is true as to actual conversations with MARGARET WILSON or the numerous messages left on her answering machine by Defendant, JANE DOE NO. 1. The number of said telephone calls were excessive and meant to harass and oppress Plaintiff, MARGARET WILSON. Further, employees of Defendant, NATIONAL ENTERPRISE SYSTEMS harassed this Plaintiff (a 72 year old) in forcing her to agree to transfer the Chase indebtedness to another credit card. Further, when Defendant requested an affordable payment plan to pay off the indebtedness, said collectors of Defendant, NATIONAL ENTERPRISE SYSTEMS ignored said requests. Further, said collectors of Defendant, NATIONAL ENTERPRISE SYSTEMS, threatened legal action, garnishment of MARGARET WILSON's checking accounts and seizure of her assets. Harassing telephone calls continued.

13. Harassing telephone calls were made to Plaintiff, SCOTT LATTA at home and at his place of employment. At no time during any telephone conversation in attempting to collect the debt did employees of Defendant, NATIONAL ENTERPRISE SYSTEMS, provide the necessary debt warnings mandated by the FDCPA (that the communication was from a debt collector). Further, Plaintiff, SCOTT LATTA, has never received any written notification of his rights to dispute the alleged debt. Further, when Defendant requested an affordable payment plan to pay off the indebtedness, said collectors of Defendant, NATIONAL ENTERPRISE SYSTEMS ignored said requests and indicated payments were not an option. In a telephone conversation of April 17, 2007 Defendant, JOHN DOE, a/k/a TERRY, advised his subordinates to "Now what, don't talk to this man, sue her (Plaintiff, MARGARET WILSON), file is closed. Defendant, JOHN

DOE, a/k/a TERRY then hung up on Plaintiff, SCOTT LATTA.

14. Harassing telephone calls were made to Plaintiff, KRISTI LATTA at her home. At no time during any telephone conversation (left on the answering machine or in actual conversations) in attempting to collect the debt did employees of Defendant, NATIONAL ENTERPRISE SYSTEMS, provide the necessary debt warnings mandated by the FDCPA (that the communication was from a debt collector). Further, Plaintiff, KRISTI LATTA, has never received any written notification of his rights to dispute the alleged debt. Further, when Defendant requested an affordable payment plan to pay off the indebtedness, said collectors of Defendant, NATIONAL ENTERPRISE SYSTEMS ignored said requests and indicated payments were not an option. In a telephone conversation of April 23, 2007 Defendant, JANE DOE NO 2, advised Plaintiff, KRISTI LATTA, that she was in the process of getting her relative MARGARET WILSON, sued and indicated that there was already a "case against her". Defendant, JANE DOE NO 2, further advised that the Plaintiffs would be responsible to not only pay the principal due, but attorney's fees and court costs. Defendant, JANE DOE NO 2, further stated that MARGARET WILSON had other assets "they would seize at this time". Defendant, JANE DOE NO. 2 then hung up on Plaintiff, KRISTI LATTA.

15. All Plaintiffs have continued to receive telephone messages on their answering machine from the collectors of Defendant, NATIONAL ENTERPRISE. At no time during the telephone messages left on the answering machines were the necessary debt warnings mandated by the FDCPA provided.

## V. CIaim for Relief

16. Plaintiffs repeat and reallege and incorporates by reference paragraphs one (1) through fifteen (15) above listed.

17. Defendants, NATIONAL ENTERPRISE, and its employee/agents, JOHN DOE, a/k/a ETHAN WILSON, JOHN DOE, a/k/a TERRY, JANE DOE NO. 1 and JANE DOE NO. 2, violated the FDCPA. Said violations include but are not limited to the following:

    (a)    Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken (i.e. a garnishment and seizure of assets).

    (b)    Defendants violated 15 U.S.C. § 1692e(11) by failing to advise the Plaintiffs during telephonic communications that said communication were from a debt collector and provide other necessary notices as to their rights to debt validation.

    (c)    The Defendants violated 15 U.S.C. § 1692f by the use of unfair and unconscionable means to collect or attempt to collect a debt.

    (d)    The Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect or attempt to collect the alleged indebtedness, especially as to Plaintiff, MARGARET WILSON ( a 72 year old).

(e) The acts of Defendants were done intentionally, maliciously and with bad faith

(f) The acts of Defendants were done intentionally, maliciously and with bad faith, were grossly negligent and were done to harass, oppress and abuse the Plaintiffs.

(g) The acts of Defendants were grossly negligent as Defendant, NATIONAL ENTERPRISE, failed to properly train and educate their collectors, such as Defendants, JOHN DOE, a/k/a ETHAN WILSON, JOHN DOE, a/k/a TERRY, JANE DOE NO. 1 and JANE DOE NO. 2, in the mandates of the Fair Debt Collection Practices Act.

(h) The acts of Defendant, NATIONAL ENTERPRISE, were grossly negligent as it failed to properly monitor their collectors such as Defendants, JOHN DOE, a/k/a ETHAN WILSON, JOHN DOE, a/k/a TERRY, JANE DOE NO. 1 and JANE DOE NO. 2, to confirm that their collectors were following the mandates of the Fair Debt Collection Practices Act.

18. As a result of the above violations of the FDCPA, the Defendants, are liable to the Plaintiffs and to each of them, for actual damages in the amount of One hundred, Dollars and 00/100s ($100.00), costs and attorney's fees.

19. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs and to each of them, for statutory damages **in** the amount of One Thousand Dollars ($1,000.00), costs and attorney's fees.

20. As a result of the intentional infliction of emotional distress inflicted on the Plaintiffs, Defendants, are liable to the Plaintiffs and to each of them, for actual damages in the amount of One Hundred Dollars and 00/100s ($100.00), costs and attorney's fees.

21. As a result of the intentional infliction of emotional distress inflicted on the Plaintiffs, Defendants, are liable to the Plaintiffs and each of them, for punitive damages in an amount to exceed Ten Thousand Dollars ($10,000.00), costs and attorney's fees.

22. As a result of the above mentioned gross negligence of the Defendants are liable to the Plaintiffs and each of them, for actual damages in the amount of One Hundred Dollars and 00/100s ($100.00), costs and attorney's fees.

23. As a result of the above mentioned gross negligence of the Defendants, are liable to the Plaintiffs and each of them, for punitive damages in an amount to exceed Ten Thousand Dollars ($10,000.00), costs and attorney's fees.

<u>VI. Class Allegations</u>

24. This action is brought on behalf of a class. This class which Plaintiffs seeks to represent is well defined as all persons, who, during the one year preceding the filing of this Complaint, were contacted concerning an alleged debt and were never informed of their rights under the FDCPA (i.e., that the communication was from a debt collector), and were harassed and intimidated by indicating that their assets would be seized,  Further the class is defined as all persons who had telephone

messages left on their answering machines by the Defendants but were never informed of their rights under the FDCPA (i.e., that the communication was from a debt collector).

25. This action has been brought and may be maintained pursuant to FRCP 23(a)(1-4), 23 (b) (1), (2), or (3), and the case law hereunder.

26. There are common questions of law or fact, which predominate over any individual questions. The predominant common legal and factual issues include, but are not limited to the following:

   a) Whether consumers were contacted by debt collectors who failed to give the necessary warnings and notices required by federal law;

   b) Whether consumers were contacted by debt collectors who failed to advise the consumer during a telephonic communication that said communication was from a debt collector:

   c) Whether consumers were contacted by debt collectors who failed to advise the consumer during a telephonic communication on an answering machine that said communication was from a debt collector:

   d) Whether the Defendant debt collectors threatened legal action, garnishment, or other actions that they would not, or could not take, to gain an unfair advantage in attempting to coerce the consumer into paying an alleged debt.

   e) Whether the Defendant debt collectors threatened to seize assets or other actions that they would not, or could not take, to gain an unfair advantage in attempting to coerce the consumer into paying an alleged debt.

27. Plaintiffs' claims are those typical of those of the class as all claims are based upon the same or similar legal theories (FRCP 23 (a) (3)).

28. Plaintiffs will fairly and adequately represent the class as their interests do not conflict with the interests of members of the class they seek to represent. Further Plaintiffs have retained counsel competent and experienced in complex civil litigation and class action cases. (FRCP 23 (a) (4)).

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiffs will fairly and adequately represent the class as their interests do not conflict with the interests of members of the class they seek to represent. Further Plaintiffs have retained counsel competent and experienced in complex civil litigation and class action cases (FRCP 23 (a) (4)).

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Additionally, individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties and the court system necessitated by the complex legal issues of the case.  By contrast, the class action presents far fewer management difficulties and provides the benefits of single adjudication,

economy of scale, and comprehensive supervision by a single court. Lastly, Defendants have acted on grounds generally applicable to the class thereby making final appropriate final relief, whether it be injunctive or damages with respect to the class as a whole (FRCP 23 (b) (3)).

WHEREFORE, Plaintiffs SCOTT D. LATTA, KRISTI R. LATTA and MARGARET E. WILSON, respectfully prays judgment be entered against the Defendants, NATIONAL ENTERPRISE SYSTEMS, INC., An Ohio Corporation, JOHN DOE, a/k/a ETHAN WILSON, JOHN DOE, a/k/a TERRY, JANE DOE NO. 1 and JANE DOE NO. 2, for:

a) The issuance of an Order certifying this action to be a class action pursuant to FRCP 23 on behalf of the class defined herein and designating Plaintiffs and their counsel as representatives thereof;

b) Awarding Plaintiffs and the members of the class compensatory damages in an exact amount which will be proven at trial, together with interest thereon;

c) Awarding Plaintiffs and the members of the class maximum statutory damages as provided under the Fair Debt Collection Practices Act including costs and a reasonable attorney's fee;

d) Awarding Plaintiffs and the members of the class maximum statutory damages for gross negligence including costs of this action and a reasonable attorney's fee.

e) Awarding Plaintiffs and the members of the class maximum statutory damages for intentional infliction of emotional distress including costs of this action and a reasonable attorney's fee.

f) Awarding Plaintiffs and the members of the class punitive damages in excess of $10,000.00, said amount to be determined at trial.

g) Enjoining the Defendants from continuing the unfair and deceptive practices complained of in this action

h) Such other relief as may be just and proper.

    SCOTT D. LATTA, KRISTI R. LATTA and MARGARET E. WILSON,
Plaintiffs,

/s/ *Joseph B. Miner*

JOSEPH B. MINER   OBA #6249
CHRISTOPHER J. PETERSEN OBA #14085
LITTLE, MINER & PETERSEN
3035 NW 63rd Street, Suite 200
Oklahoma City, OK  73116-3606
Telephone:  (405) 848-0346
Facsimile (405) 848-7569

ATTORNEYS FOR PLAINTIFFS

*JURY TRIAL DEMANDED*
*ATTORNEY'S LIEN CLAIMED*